**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2883-24

RALEIGH TRUITT,

     Plaintiff-Appellant,

v.

THE BLUFFS CONDOMINIUM
ASSN, INC.,

     Defendant-Respondent.

_____

Submitted March 5, 2026 – Decided April 30, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. SC-001218-24.

Raleigh Truitt, self-represented appellant.

Hueston McNulty, PC, attorneys for respondent (Samuel J. McNulty and Ryan Michaleski, of counsel and on the brief).

PER CURIAM

Plaintiff Raleigh Truitt appeals from the Special Civil Part's March 20, 2025 order dismissing his complaint with prejudice against defendant Bluffs Condominium Association, Inc. (BCA) following a bench trial. We affirm.

I.

Plaintiff owns a condominium in the Bluffs, which is governed by BCA. As a member of BCA, plaintiff is subject to the terms and conditions set forth in BCA's Master Deed and Bylaws.

According to Article VI, paragraph A(2) of the Master Deed, all stairwells are designated as a "common element." With respect to repairs, Article VII, paragraph B requires plaintiff to promptly perform and be responsible for the maintenance, repairs, and replacements within the interior of his unit. Similarly, Article VI, paragraph 9(B) of the Bylaws, states plaintiff is responsible for "all maintenance and repair" that does not involve any part of the common element.

Plaintiff, a retired attorney, filed a self-represented complaint in the Special Civil Part, alleging property damage and out-of-pocket expenses resulting from water leakage into his unit from the ceiling, originating from an upper bricked stair landing. He claimed the water originated from the landing, which is part of the building's common elements. Plaintiff further alleged BCA was negligent in its duty to repair and maintain the common elements, and

2

breached its contractual obligation to maintain and repair the stair landing, resulting in a "defective" common element in 2015.

Plaintiff contends although BCA made repairs to the brickwork in 2018, water leakage continued. In 2021, after receiving additional complaints, BCA performed further repairs. In 2024, plaintiff sought reimbursement of $2,665.63 for the repairs to his basement.

At trial, plaintiff testified on his own behalf and called one of BCA's board members as a witness. Plaintiff, however, did not present expert testimony to establish the cause or origin of the leaks. BCA presented testimony from its property manager.

The trial court entered an order granting judgment in favor of BCA and dismissing plaintiff's complaint. In its oral opinion, the court noted, as a lay person, plaintiff faced a "significant problem" in his case due to the lack of expert testimony on causation. It explained plaintiff was unable to prove causation because he was not an expert on water infiltration or a contractor, which was "fatal" to his case.

The court also found plaintiff not credible on factual issues. This finding was based on several facts: there was no evidence of water leaking into the

A-2883-24

basement when a company performed a high-pressure water test; plaintiff took no action for three years; and plaintiff's basement was never waterproofed.

## II.

"Our review of a judgment following a bench trial is limited." Accounteks.Net, Inc. v. CKR L., LLP, 475 N.J. Super. 493, 503 (App. Div. 2023). Factual findings following a non-jury trial are given substantial deference and will not be disturbed unless "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). Our review of the trial record "is no substitute for the trial court's opportunity to hear and see the witnesses who testified on the stand." Balducci v. Cige, 240 N.J. 574, 595 (2020). However, we review de novo the trial "court's interpretation of the law and the legal consequences that flow from established

facts." Accounteks.Net, Inc., 475 N.J. Super. at 503-04 (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We review the trial court's discretionary ruling concerning the requirement of expert testimony for abuse of discretion. Maison v. NJ Transit Corp., 460 N.J. Super. 222, 232 (App. Div. 2019). A trial court abuses its discretion when its decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)) (internal quotation marks omitted). Reversal is justified only if the ruling was "'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

To establish a prima facie case of negligence, a plaintiff must demonstrate "a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." Coleman v. Martinez, 247 N.J. 319, 337 (2021) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). A plaintiff bears the burden to establish each element. Ibid. Moreover, a plaintiff must "establish the existence of

negligence by some competent proof, because [n]egligence is a fact which must be shown and which will not be presumed. The mere showing of an incident . . . is not alone sufficient to authorize the finding of an incident of negligence." Franco v. Fairleigh Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2021) (alteration and omission in original) (internal quotation marks and citations omitted).

Plaintiff contends the trial court erred in two respects: (1) by finding expert testimony was required to prove the origin of the water leakage and cause of water infiltration; and (2) by "ignoring" the relevant court rules regarding the necessity of expert testimony. He further argues his history with the court had the "potential to produce a biased approach to the case including unjustified and adverse rulings" during the course of the trial.

We reject plaintiff's contention the court's ruling regarding expert testimony was a surprise. Also, we reject his argument BCA's repairs constituted a concession as to the origin of the water, and as a result, expert testimony was unnecessary to establish the flow of water and gravity directed the water from the stair landing to his basement.

The factual issues concerning the water source, subsequent repairs to the stair landing, directional flow, and gravity are beyond the ken of an average

juror.  See Ford Motor Credit Co., LLC v. Mendola, 427 N.J. Super. 226, 236 (App. Div. 2012).  Plaintiff was required to present expert testimony to address whether:  (1) the leaks originated from the same brick stair landing; (2) the water flowed from the upper landing into his unit; and (3) the repair and maintenance of the landing were faulty, rendering it defective.  In the absence of expert testimony, plaintiff could not sustain his property damage claims related to the leaks.

We are satisfied the trial court properly determined expert testimony was necessary to explain the water flow, the porosity of the brick stair landing, and how water infiltration into plaintiff's basement proximately caused the interior water damage.  Without such testimony, plaintiff did not prove the alleged property damage was caused by the water leak remediated in 2021.  In short, no causal nexus was established.

Accordingly, we discern no abuse of discretion by the trial court and have no cause to reverse and vacate the judgment.  Maison, 460 N.J. Super. at 231-33.  In sum, the trial court's findings and credibility determinations are amply supported by testimonial evidence in the record.

A-2883-24

## III.

Finally, plaintiff alleges the trial court was biased due to prior interactions. However, he did not raise this issue before the court, and it does not pertain to the court's jurisdiction or implicate a matter of public interest. Therefore, we do not address plaintiff's argument. Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 79 (App. Div. 2001).

To the extent we have not specifically addressed any of plaintiff's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

8

A-2883-24